## John De Wolf *et al. versus* Henry C. Brown.

By a contract under seal between a father and his son, it was agreed, that the son should take the superintendence and charge of a farm belonging to the father, during the term of five years, and should devote his skill and labor to its cultiva tion; that he should take charge of such cattle and other stock, as the father had already placed thereon or might place thereon during the term, and should be at liberty to use and apply all such part of the produce of the farm as should be ne- cessary for the purpose, to the cultivation of the land and to the maintenance of himself and his family, and of the laborers and stock thereon; that he should, from time to time, render to the father an account of the residue, and dispose of the same according to his directions, and should also keep an account of the expenses incurred in the cultivation of the farm, to be rendered to the father, from time to time, on request, which account, if reasonable and conformable to the instructions of the father, should be paid from the surplus produce of the farm; that he should be at liberty to cut any wood on the land for fuel, fencing and repairs of buildings; and that he should be allowed out of the surplus produce of the farm, for his care of the farm, the sum of $200 annually. By the will of the father, the farm in question, together with the stock and farming utensils thereon, were devised to trustees during the life of the son, upon the trust, that they would permit him to occupy it during his life, or would let it and pay over to him the profits during his ife, with remainder over to the wife and children of the son. After the death of the father, but before the will was proved, the farming utensils, stock and pro- duce of the farm were attached as the property of the son. It was *held*, that the son acquired no legal title to the property, either by the contract or the will, but that it remained in the father during his lifetime, and upon the probate of the will, vested in the executors, by relation, from the time of the decease of the father, upon the trusts set forth in the will.

REPLEVIN by the plaintiffs as executors and trustees under the will of Thomas Melvill, deceased, against the sheriff of this county, for taking certain chattels, on a process in favor of Joseph Shearer against Thomas Melvill, junior, the son of the testator. The chattels so taken were the farming utensils, stock, and produce of a farm in Pittsfield occupied by the son.

At the trial, before *Wilde* J., it appeared, that by a con- tract, under seal, between the father and the son, dated April 1, 1831, it was agreed, that the son should take the superin- tendence and charge of the farm in question, which belonged to the father, during the term of five years, and should devote his skill and labor to the management, cultivation and improve- ment thereof ; that he should take charge of and keep such cattle and other stock as the father had already placed thereon, or should place thereon during the term ; that the son should be at liberty to use and apply all such part of the produce of

the farm, as should be necessary for the purpose, to its proper cultivation and to the maintenance of himself and his family and of the laborers and stock employed and kept thereon ; that he should take charge of' and preserve the residue of the produce, and from time to time render to the father an account thereof, and, on request, deliver the same to him or dispose thereof in such manner and upon such terms as the father might direct ; that the son should keep an accurate account of the expenses incurred by him in the cultivation and management of the farm, to be rendered from time to time on request, which account, so far as the same should be reasonable and conformable to the instructions of the father, should be paid by him, provided however that such expenses should not exceed the sum of $250 per annum, which sum was to be raised from the surplus produce of the farm, and that the son should make no contracts nor incur any debts for or on account of the father, without his previous direction and consent ; and that the son should be at liberty to cut any wood on the land, which might be necessary for fuel, fencing, and the necessary repairs of buildings, but for no other purpose ; that the father should allow the son for the care of the farm the sum of $200 annually, to be also taken from the proceeds of the surplus produce of the farm ; and that the son should pay all taxes assessed upon the farm. It further appeared, that several contracts of the same purport had been entered into by the same parties between the years 1816 and 1831.

By the will of Thomas Melvill, the father, executed on February 19, 1829, the farm in question, together with all the stock and farming utensils thereon, was devised to trustees, (who were also named as executors,) during the life of the son, upon the trust that they should, at their discretion, either permit the son to occupy it during his life, or, should let it and account with the son for the rents and net profits, and pay over the same to him for his use during his life ; the residue of this estate, after the decease of the son, and subject only to the devise in trust, was devised over, one undivided moiety thereof to the wife of the son, for her life, and the other moiety and the remainder expectant upon her decease, to their children.

<div style="margin-left:auto">

De Wolf
v.
Brown.

</div>

It appeared, that the will was not proved until after the taking complained of.

Thomas Melvill, the son, testified, that certain cows taken by the defendant were from calves which were purchased originally by him out of the proceeds of the farm and were kept by him upon such proceeds.

Upon this evidence the defendant contended, that by virtue of the contracts between the father and the son, and of the will of the father, the property in the chattels taken must be considered to be legally in the son, and that it ought to be so ruled by the Court. This position was overruled, and the question of property was submitted to the jury as a question of fact. The jury returned a verdict for the plaintiffs.

If the Court should be of opinion, that this ruling was erroneous, the plaintiffs were to become nonsuit; otherwise, judgment was to be rendered according to the verdict.

The case was argued for the plaintiffs, in writing, by *Bishop* and *Marsh.*

*Dwight* and *Hall*, for the defendant.

*May term 1835.*

PUTNAM J. drew up the opinion of the Court.* We think that the counsel for the defendant judged wisely in not arguing this cause. There is no legal or equitable defence. We have examined the will of Thomas Melvill, and it is perfectly clear, that the testator did not convey the property, real or personal, to his son, Thomas Melvill junior. The legal title remained in the father during his lifetime, and upon the probate of his will it vested in the plaintiffs, by relation, from the time of the decease of the testator, upon the trusts set forth in the will. The father was a gentleman of large property. He was able and willing to make a proper provision for his son and family by employing him to carry on a large farm. By the terms of the leases which make a part of the case, the son was to have a salary; his family were to be supported; the charges for labor and other expenses of carrying on the farm were to be allowed; and the son was to account to the father for any surplus that should remain. And the surplus was to be entirely at the disposal of the father. But

---

* *Shaw* C. J. did not sit in the case.

in the mean time the right of property in the real and personal estate remained in the father. The son was authorized to carry on the farm, to use the tools and implements of husbandry, to receive the produce of the land and stock ; and was to render an account according to the terms of the lease. But it is perfectly clear, that the son, by that arrangement, ac-quired no legal title in the real or personal property. The plaintiffs, after the probate of the will, had all the right and title which the testator had, in the property which the defendant attached as belonging to the son ; and they are legally entitled to maintain this action. It was a question of property properly submitted to the jury, and the judgment is to be rendered according to the verdict.